## Case No. 30.

### The ACORN.
### The SPEEDWELL.

[21 Law Rep. 99.]

Circuit Court, D. Massachusetts. May Term, 1857.

SALVAGE—COLLISION—EXERTION OF CREW TO AVOID.

Successful exertions by the crew of one vessel to avoid an impending collision with another cannot be considered salvage services rendered to the latter.

In admiralty.

G. G. Thomas, for libellants.
J. A. Abbott, for the Acorn.
W. G. Russel, for the Speedwell.

CURTIS, Circuit Justice. These are libels for salvage service alleged to have been rendered to vessels detained in the ice in the manner stated in the preceding [following] case of The John Perkins, [Case No. 10,252.] The libellants were two of the crew of the steamer Acorn, and remained on board some hours after the rest of the steamer's company had gone on shore. They allege that while they were so remaining on board, the schooner Speedwell, whose officers and crew had also gone on shore, was forced by the action of the sea towards the steamer's stern; that they put out fenders, whose effect was to lessen the force of the shock when the two vessels came in collision, and also to cause the schooner to slide round the stern of the steamer and go clear, without doing any damage to either vessel. I do not deem it necessary to make an extended statement of the facts alleged and denied, or of the deductions proper to be made from the proofs. I am of opinion that the cases must be governed by the same principles already announced in the case of The John Perkins. I find no facts sufficient to distinguish these cases from that case. I consider that while the libellants remained on board the steamer they were not absolved from their contract, and were under an obligation to do all they allege was done for its safety; that they must be deemed to have acted for its preservation, and cannot claim as salvors of the other vessel, because they interposed to relieve both from the effects of a collision which occurred without fault. I desire to be understood as not intending to express any doubt of the gallantry and merit of the services rendered by these libellants. If not prevented by a rule of law, I should agree readily to the compensation awarded by the court below to be paid by the steamer. But in my judgment this is a matter which must be left to the discretion of the owners and underwriters, who, it is to be expected, will not be unmindful of any just claims which these men may have, upon their liberality.

These cases involve questions of great interest and importance, and it would have

been highly satisfactory to me if they had been open to an appeal; especially as I find myself unable to concur in opinion with the very learned judge by whom these cases were decided in the court below. I have therefore considered them with great attention; and upon the points of law involved in them, they have been twice argued by counsel, from whom I have derived valuable assistance.

The decrees of the district court must be reversed and the libels dismissed, without costs.